# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| FRANKLIN AMERICAN MORTGAGE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) NO. 3:14-cv-1232<br>) JUDGE CRENSHAW<br>) |
| JFK FINANCIAL, INC., d/b/a<br>EQUITY DIRECT FUNDING, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Franklin American Mortgage Company ("Franklin") filed this mortgage put-back action against JFK Financial, Inc. d/b/a Equity Direct Funding ("JFK"), alleging breach of a Correspondent Loan Purchase Agreement ("CLPA"). The Court has jurisdiction over this action under 28 U.S.C. § 1441. Now pending are the parties' cross-motions for summary judgment. (Doc. No. 48, 53.) For the reasons stated below, both motions (Doc. No. 48, 53) are **DENIED**.

## I. UNDISPUTED MATERIAL FACTS

Franklin and JFK entered into the CLPA (Doc. No. 1-1 at 9) on August 28, 2007. The CLPA contemplates an ongoing transfer of a series of residential mortgage loan purchase agreements from JFK to Franklin, potentially in perpetuity. (Id. at 1, 11.) The CLPA contains representations and warranties by JFK generally applicable to all the mortgage loans it sold to Franklin. (Id. at 5-6.) The CLPA also defines the term "Event of Default" as any representation or warranty "made by…Seller in any…Contract Documents [that] prove to have been false or incorrect in any material respect at the time it was made." (Id. at 2.)

The CLPA makes available to Franklin specific remedies upon the occurrence of an

Event of Default. First, Section Eight contemplates repurchase or indemnification, at Franklin's option, as a remedy for default. (Id. at 6-7.) Notably, the indemnification option contemplates a separate, written indemnification agreement. (Id.) Second, in addition to the repurchase obligation, the CLPA contemplates that Franklin may recover damages resulting from the Seller's breach of any representations and warranties or other contract obligations. (Id. at 7-8.)

On December 27, 2007, JFK issued a mortgage loan to Joan Cline ("Cline Loan"), a refinance mortgage loan secured by a deed of trust on real property. (Doc. No. 66 at 9.) JFK sold the Cline Loan to Franklin pursuant to the CLPA on January 9, 2008. (Id. at 10.) Franklin obtained physical possession of files related to the Cline Loan, including underwriting materials, on January 10, 2008. (Id. at 11.) Franklin sold the Cline Loan to Wells Fargo, N.A. ("Wells Fargo") on January 16, 2008. (Id. at 12.)

On March 1, 2011, Wells Fargo notified Franklin of alleged defects in the underwriting materials pertaining to the Cline Loan and made a "soft" demand that Franklin repurchase the Cline Loan. (Id. at 13.) Franklin asserts that the defects in the underwriting materials constitute a breach of the representations and warranties made by JFK in the CLPA. (Id.) On March 3, 2011, Franklin notified JFK of the discovery of the alleged defects. (Id. at 14.)

On April 11, 2011, Wells Fargo made a formal demand to Franklin that it repurchase the Cline Loan. Franklin repurchased the Cline Loan from Wells Fargo on May 2, 2011. (Id.)

On May 25, 2011, Franklin formally demanded that JFK repurchase the Cline Loan. (Id.) After JFK denied responsibility and refused to repurchase, Franklin sold the Cline Loan to Goshen Mortgage, LLC on August 30, 2011. (Id. at ¶ 18.)

On February 5, 2014, Franklin filed this suit, more than six years after the Cline Loan closed in January 2008 but less than six years after JFK refused the demand to repurchase the

2

loan. Franklin seeks damages incurred as a result of JFK's refusal to repurchase the Cline Loan.

## II. STANDARD OF REVIEW

In reviewing a motion for summary judgment, this Court will only consider the narrow question of whether there are "genuine issues as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The Court is required to view "the facts and reasonable inferences in the light most favorable to the nonmoving party . . . ." Ferrari v. Ford Motor Co., 826 F.3d 885, 891 (6th Cir. 2016) (citing Cass v. City of Dayton, 770 F.3d 368, 373 (6th Cir. 2014)).

## III. DISCUSSION

### A. JFK's Motion for Summary Judgement

JFK maintains that Franklin's cause of action for breach of contract accrued in January 2008 and, as a result, is barred by Tennessee's six-year statute of limitations, Tennessee Code Annotated § 28-3-109(a)(3). In response, Franklin argues that the claim did not accrue until 2011, after FJK breached its obligation to repurchase the Cline Loan.

There is no dispute that Tennessee law governs this diversity breach-of-contract action and that the statute of limitations in Tennessee for an action on breach of contract is six years. TENN. CODE ANN. § 28-3-109(a)(3). Tennessee law provides that "[w]hen a right exists, but a demand is necessary to entitle the party to an action, the limitation commences from the time the plaintiff's right to make the demand was completed, but not from the date of the demand." TENN. CODE ANN. § 28-1-102.

JFK argues that the representations and warranties were breached, if at all, as of the closing of the Cline Loan in January 2008. Consequently, it argues, Franklin incurred the right to make a demand immediately upon the closing, and its cause of action for breach of contract

3

accrued on that date.

To the contrary, Franklin contends that JFK incurred no obligation to repurchase the Cline Loan until Franklin made the repurchase demand. According to Franklin, the basis for its action is not simply JFK's breach of representations and warranties but its failure to repurchase the Cline Loan or to indemnify Franklin for its losses related to the Cline Loan. (Doc. No. 64, at 5 (citing (Doc. No. 1-4 at 4-5)). Franklin insists that it made a formal demand for repurchase on April 25, 2011. Under the CLPA, JFK had thirty business days after the demand to effect the repurchase or until June 6, 2011. Franklin contends that the statute of limitations runs from that date.

In the alternative, Franklin argues that "the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for its action." (Doc. No. 64, at 5 (citing CMH Mfg., Inc. v. US Greenfiber, LLC, No. 3:12-273, 2013 WL 3324292, at *3 (E.D. Tenn. July 1, 2013))). Franklin contends that it did not know or have reason to know that JFK's representations and warranties about the Cline Loan were false until March 1, 2011, when Wells Fargo notified Franklin of alleged defects in the underwriting materials. In other words, Franklin seeks to apply the discovery rule to toll the running of the statute of limitations. The Court finds this argument persuasive. Indeed, the Tennessee Court of Appeals has recognized that, "just as in tort claims involving personal injuries, it would be unjust to hold that a plaintiff's claim for breach of contract accrues before the plaintiff knew or should have known that the contract had been breached." Goot v. Metro. Gov't of Nashville & Davidson Cnty., No. M200302013COAR3CV, 2005 WL 3031638, at *11 (Tenn. Ct. App. Nov. 9, 2005).

Here, JFK concedes that Franklin had no obligation under the CLPA or otherwise to conduct diligence on any loan purchased pursuant to the CLPA. (Doc. No. 55, at 10.) As such,

4

Franklin had no duty to conduct diligence on the Cline Loan, or any one specific loan among all of its purchased loans. Given that the CLPA contains JFK's representations and warranties that are applicable to all the mortgage loans, Franklin acted reasonably in believing that the Cline Loan enjoyed the same representations and warranties as all of its other purchases from JFK. Because Franklin was not required to conduct diligence on its loans purchased from JFK, Franklin did not know or have reason to know that JFK's representations and warranties about the Cline Loan were false until March 1, 2011, when Wells Fargo notified Franklin of alleged defects in the underwriting materials.

Accordingly, the Court **DENIES** JFK's Motion for Summary Judgment.

### B. Franklin's Motion for Summary Judgement

Franklin maintains that it is entitled to summary judgement because it had discretion to determine when JFK's representations and warranties were false under Section 8 of the CLPA. Specifically, Franklin argues that in Section 8, "[JFK] agrees to repurchase one or more Mortgage Loans from [Franklin], upon terms and conditions hereinafter set forth, in the event that… c) A Mortgage Loan underwritten by [JFK], or by any Contract Underwriter, fails to satisfy [Franklin]'s underwriting or eligibility requirements as determined by [Franklin]." (Doc. No. 66 at 3-4.) Additionally, Franklin relies on the following regarding its discretion:

> With respect to Sections 8(a) through 8(g) above, and in lieu of [Franklin]'s authority to demand repurchase, [Franklin], in its sole and exclusive discretion, may demand [JFK] to indemnify [Franklin] against all costs, damages, suits, losses, fees or claims . . . in connection with such Mortgage Loan. (Id. at 4.)

JFK argues that Franklin applied its discretion unreasonably, so it is not entitled to summary judgement or to demand indemnification under Section 10 of the CLPA. (Doc. No. 61.) Franklin responds that JFK "has not pointed to any evidence to show that Franklin acted unreasonably." (Doc. No. 68.) The Court disagrees.

5

In <u>Tennessee & Southeastern Coal Co. v. Schwitzer-Cummins Co</u>., 121 S.W.2d 553, 556 (Tenn. 1938), the Supreme Court of Tennessee described how satisfaction clauses, such as Section 8, should be interpreted:

> This court has been far from invariable acceptance of the idea that when a contract is to be performed to the satisfaction of a party thereto such party has an absolute right to pass on the character of the performance. The court has recognized such right when feelings, taste or sensibilities were involved, as in the making of a costume or the painting of a portrait. Where the question, however, was one of mere value, we have inclined to the opinion that a performance satisfactory to a reasonable man would be sufficient.

Here, JFK argued that the Capital One account in question was discharged in bankruptcy as a matter of law, so the failure to pay it off or provide evidence of the ability to do so cannot be a reasonable basis for a repurchase demand by Franklin (or any other downstream investor). It is unreasonable to require a consumer borrower to pay off a non-existent debt as a condition to loan approval or funding. When these facts are construed in the light most favorable to the nonmoving party, a jury could find that Franklin's exercise of discretion was unreasonable. Therefore, the Court finds that there is a genuine dispute as to whether Franklin reasonably exercised its discretion regarding its demand of JFK to repurchase the Cline Loan, and **DENIES** Franklin's motion for summary judgment.

Lastly, given that there is a dispute at issue of material facts, the Court need not address indemnity.

## IV. CONCLUSION

For the reasons set forth herein, the Court **DENIES** JFK's motion for summary judgment (Doc. No. 53) and **DENIES** Franklin's motion for summary judgment (Doc. No. 48.)

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE